# NO. 12-20-00131-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *COREY DARNELL WEBB,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Corey Darnell Webb, acting pro se, filed a petition for writ of mandamus, in which he requests that we order Respondent to vacate a summons from August 3, 2010 and an order of discretionary transfer to adult criminal court from August 26, 2010.[1]  We dismiss for want of jurisdiction.

## BACKGROUND

On August 3, 2010, the State of Texas filed a petition charging Webb with delinquent conduct and a petition for discretionary transfer from juvenile court to adult criminal district court.  A summons was issued requiring Webb to appear for a hearing on August 26 to answer to the State's allegations.  On August 26, Respondent signed an order transferring the case to adult criminal court.

Webb was subsequently charged by indictment with aggravated assault of a public servant, a felony, and pleaded "not guilty," but during trial, he changed his plea to "guilty." ***Webb v. State***, No. 12-12-00011-CR, 2013 WL 3377398, at *1 (Tex. App.—Tyler July 3, 2013, no pet.) (mem. op., not designated for publication).  Webb later moved to withdraw his "guilty" plea and the district court denied the motion.  ***Id***.  The district court found Webb "guilty" as charged and sentenced him to imprisonment for fifty years.  ***Id***. Webb appealed from both the

---

[1] Respondent is the Honorable Floyd T. Getz, Judge of the County Court at Law No. 3 in Smith County, Texas.  The State of Texas is the Real Party in Interest.

denial of his motion to withdraw the "guilty" plea and Respondent's transfer of the matter to district court. *Id*. His appellate counsel filed a brief in compliance with **Anders v. California**, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and **Gainous v. State**, 436 S.W.2d 137 (Tex. Crim. App. 1969). *Id*. This Court affirmed the conviction. *Id*. The Texas Court of Criminal Appeals denied habeas relief without a written order.[2] *See Ex parte Webb*, WR-81,792-01 (Tex. Crim. App. Sept. 24, 2014) (order). Webb filed this original proceeding on June 3, 2020.

## AVAILABILITY OF MANDAMUS

Webb complains that the summons did not effectuate valid service because it failed to notify him that discretionary transfer to district court would be considered at the August 26 hearing. He maintains that, as a result, Respondent did not obtain jurisdiction to hold a hearing on discretionary transfer or to subsequently sign the order of discretionary transfer.

As previously stated, Webb appealed from the transfer to district court, and this Court affirmed. **Webb**, 2013 WL 3377398, at *1. Webb has been convicted and sentenced for a final felony conviction and his attempt to set aside Respondent's order waiving jurisdiction and transferring to criminal district court amounts to a request for post-conviction relief from a final felony conviction. *See e.g.* **In re J.B.H.**, No. 14-13-00072-CV, 2013 WL 504106, at *1 (Tex. App.—Houston [14th Dist.] Feb. 12, 2013, orig. proceeding) (mem. op., not designated for publication) (per curiam) ("even though relator is seeking juvenile court records, the relief that he seeks is from a final, felony conviction"); **In re Albarado**, No. 11-13-00033-CR, 2013 WL 600224, at *1 (Tex. App.—Eastland Feb. 7, 2013, orig. proceeding) (mem. op., not designated for publication) (per curiam) (complaint that juvenile court should be ordered to void order waiving jurisdiction and transferring to criminal district court for criminal proceedings as an adult was essentially a request for postconviction habeas relief because relator sought an order in support of attempt to set aside original conviction and sentence).

The appropriate method for collaterally attacking a final felony conviction is by a petition for writ of habeas corpus. TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2005). This Court has no jurisdiction over complaints that may be raised only by postconviction habeas corpus

---

[2] The Texas Court of Criminal Appeals also dismissed three subsequent habeas applications filed by Webb. *See Ex parte Webb*, WR-81,792-04 (Tex. Crim. App. Jan. 8, 2020) (order); *see also Ex parte Webb*, WR-81,792-03 (Tex. Crim. App. Sept. 20, 2017) (order); *Ex parte Webb*, WR-81,792-02 (Tex. Crim. App. Sept. 14, 2016) (order).

proceedings brought under Article 11.07. *See id.* arts. 11.05, 11.07 (West 2005). Only the convicting court and the court of criminal appeals have any role to play in attempts to raise postconviction challenges to final felony convictions. *See In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (in granting writ of mandamus to vacate conviction appellate court found void, court of appeals usurped exclusive authority of court of criminal appeals to grant postconviction relief); *see also Noble v. State*, No. 05-17-01409-CR, 2017 WL 6547083, at *2 (Tex. App.—Dallas Dec. 22, 2017, no pet.) (mem. op., not designated for publication) (to extent appellant sought to challenge purportedly void judgment by filing post-conviction habeas application, appellate court had no jurisdiction over such proceedings). Accordingly, under the circumstances of this case, we lack jurisdiction to consider Webb's complaints.[3]

## DISPOSITION

Having determined that this Court does not possess jurisdiction to address the contentions raised in Webb's petition for writ of mandamus, we ***dismiss*** the petition for ***want of jurisdiction***.

Opinion delivered September 2, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[3] We also note that "an application for writ of habeas corpus is generally an adequate remedy that will preclude mandamus relief." ***In re Albarado***, No. 11-13-00033-CR, 2013 WL 600224, at *1 (Tex. App.—Eastland Feb. 7, 2013, orig. proceeding) (mem. op., not designated for publication) (per curiam).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

SEPTEMBER 2, 2020

NO. 12-20-00131-CR

**COREY DARNELL WEBB,**
Relator
V.

**HON. FLOYD T. GETZ,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Corey Darnell Webb; who is the relator in appellate cause number 12-20-00131-CR and the respondent in trial court cause number 003-0217-10 in the County Court at Law No. 3 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on June 3, 2020, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

4